Robert E. Moss, Jr. (#146419)
Raoul A. Renaud (#087629)
VISION SERVICE PLAN
3333 Quality Drive
Rancho Cordova, CA  95670
Tel:  (916) 851-5151

*Attorneys for Plaintiff*
*Vision Service Plan*

ROSS, DIXON & BELL, LLP
Terrence R. McInnis (#155416)
tmcinnis@rdblaw.com
5 Park Plaza, Suite 1200
Irvine, CA  92614-8592
Telephone:     (949) 622-2700
Facsimile:      (949) 622-2739

*Attorneys for Defendants Federal Insurance*
*Company, Chubb & Son, Chubb Group of Insurance*
*Companies, and The Chubb Corporation*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION SERVICE PLAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, CHUBB & SON, CHUBB GROUP OF INSURANCE COMPANIES, and THE CHUBB CORPORATION,<br><br>　　　　　Defendants. | Case No.  2:05-CV-01490-LKK-GGH<br><br>**STIPULATION AND ORDER TO STAY ENTIRE ACTION PENDING ARBITRATION AND DISMISSAL OF CHUBB PARTIES** |

The parties to the above-captioned civil action (the "Action"), by and through their undersigned attorneys, hereby submit this Stipulation and Agreement to Stay the Entire Action pending arbitration for the Court's approval:

WHEREAS:

A.　　Plaintiff Vision Service Plan ("VSP") filed this Action against Defendants Federal Insurance Company, Chubb & Son, Chubb Group of Insurance Companies, and The Chubb

1  Corporation, alleging breach of an insurance contract (duty to defend and duty to indemnify), and
2  seeks declarations concerning the contractual rights and obligations of the parties thereto.

3       B.     The policy of insurance at issue is that certain Not for Profit Organization Liability
4  Policy, No. 7931-98-01-C, issued to VSP for the policy period of January 9, 2001 to January 9,
5  2002 (the "Policy").

6       C.     Endorsement No. 1 to the Policy states,

7  "It is agreed that the policy is amended by adding the following section:

9  9. this policy shall be construed and enforced according to the laws of California. Any dispute between the Insureds and the Company relating to the policy shall be submitted to binding arbitration in the state of California, including but not limited to, claims sounding in contract or tort. The Insureds and the Company submit to the jurisdiction of the state. The rules of the American Arbitration Association shall apply except with respect to the selection of the arbitration panel. The panel shall consist of one independent legal counsel selected by the Insureds, one independent legal counsel selected by the Company, and a third independent legal counsel selected by the first two arbiters."

15      D.     Defendant Federal Insurance Company brought a Motion to Stay the Action
16 pending arbitration, citing the Federal Arbitration Act, 9 U.S.C. § 3, and the terms of the
17 arbitration provision in the Policy, which motion is set for hearing on October 24, 2005.

18      E.     Defendants Chubb & Son, Chubb Group of Insurance Companies, and The Chubb
19 Corporation (collectively hereafter the "Chubb Parties") contend that they are not proper parties
20 to the Action, and are not parties to the Policy.

21      F.     The Chubb Parties brought a Motion to Dismiss on various grounds, which motion
22 is set for hearing on October 24, 2005. Plaintiff intends to oppose the motion on the grounds,
23 inter alia, that further discovery is required.

24 Without waiver of rights, but in the interests of judicial economy, however, the parties
25 stipulate and agree to the following:

26      1.     It is STIPULATED that this entire action be STAYED pending arbitration
27 between Plaintiff and Defendant Federal Insurance Company, and the pending

2

STIPULATION AND AGREEMENT TO STAY
ENTIRE ACTION PENDING ARBITRATION

Motion to Stay by Defendant Federal Insurance Company and Motion to Dismiss of the Chubb Parties shall be taken off calendar at this time as moot.

2. It is further STIPULATED that Defendants Chubb & Son, Chubb Group of Insurance Companies, and The Chubb Corporation be and hereby are DISMISSED WITHOUT PREJUDICE. Any applicable statutes of limitation or other time-related defenses with respect to any claims or defenses Plaintiff may have against the Chubb Parties, or the Chubb Parties may have against Plaintiff, shall be tolled from the date the Complaint in this Action was filed, until thirty (30) days after the stay in this Action is lifted or this Action is otherwise dismissed, whichever is earlier.

3. It is further STIPULATED that Federal is the proper party to respond to the claims being asserted in the Complaint in this Action, and Federal will not assert as a defense to those claims, or any judgment entered thereon, that one of the Chubb Parties is or should be liable in its place.

4. It is further STIPULATED that any final award or determination by the arbitrators in the arbitration between Plaintiff and Federal Insurance Company shall be binding on Plaintiff and Federal in any further proceedings in this Action or any related action (subject to any right to appeal as allowed by law), and Plaintiff shall not attempt to re-litigate, as against any of the Chubb Parties, the matters decided in the arbitration.

5. It is further STIPULATED that the current Scheduling Order in this case is VACATED.

6. The Parties shall report to the Court promptly after the conclusion of the arbitration or settlement of this matter.

\\\
\\\
\\\
\\\

| | | |
|---|---|---|
| 1 | Dated: September _____, 2005 | Respectfully Submitted, |
| 2 | | VISION SERVICE PLAN |

SIGNATURE ON ORIGINAL
Robert E. Moss, Jr.
*Attorney for Plaintiff Vision Service Plan*

Dated: September _____, 2005                    ROSS, DIXON & BELL, LLP

SIGNATURE ON ORIGINAL
Terrence R. McInnis
*Attorney for Defendants Federal Insurance Company, Chubb & Son, Chubb Group of Insurance Companies, and The Chubb Corporation*

**Pursuant to the parties stipulation and good cause appearing, the above-captioned case is STAYED. The Clerk is directed to administratively close the case. The parties are directed to inform the court within ten days of the conclusion of the arbitration proceedings.**

DATED: October 11, 2005                    /s/Lawrence K. Karlton
                                            Lawrence K. Karlton
                                            Senior Judge

STIPULATION AND AGREEMENT TO STAY
ENTIRE ACTION PENDING ARBITRATION